# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

MARCUS B. HARRIS,

    Petitioner,

-vs-                                      Case No.  8:12-cv-790-T-30AEP

DAVID GEE, SHERIFF,
HILLSBOROUGH COUNTY, FLORIDA,

    Respondent.
_____/

## ORDER

Petitioner, a pretrial detainee at the Hillsborough County Jail in Tampa, Florida, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  According to Petitioner, he has been charged with two counts of robbery in Hillsborough County, and the state court judge set his bail at $15,000.00 in both cases.  He also asserts that he has been charged with one count of robbery in Orange County, Florida, and no bail has been set in that case.  Petitioner complains that the bail set in the Hillsborough County cases is excessive in violation of the Eighth Amendment.  He also asserts that the failure to set bail in the Orange County case violates Florida law and his equal protection rights under the Florida Constitution.

---

[1] Because Petitioner is a pretrial detainee and not "in custody pursuant to the judgment of a State court. . ." (see 28 U.S.C. § 2254(b)), the Court construed the petition to be filed pursuant to § 2241 (see Dkt. 6).

The Court ordered Respondent to file a response to the petition (see Dkt. 6). In response, the Florida Attorney General's Office ("AG")[2] filed a "Notice to Court" (Dkt. 9) in which the AG argued that the petition should be dismissed pursuant to the "abstention doctrine." The Court agrees.

## Discussion

"[I]n the interests of comity, federal courts abstain from becoming involved in [] state court proceeding[s] with few exceptions. 'Proper respect for the ability of state courts to resolve federal questions presented in state-court litigation mandates that the federal court stay its hand' *Pennzoil v. Texaco, Inc.*, 481 U.S. 1, 14 (1987); *see also Younger v. Harris*, 401 U.S. 37 (1971)." *Solomon v. Manuel*, 2011 U.S. Dist. LEXIS 125689, at *2 (N.D. Fla. Oct. 4, 2011). Absent "extraordinary circumstances, a federal court must abstain from deciding issues implicated in an ongoing criminal proceeding in state court." *Thompson v. Wainwright*, 714 F.2d 1495, 1503 (11th Cir. 1983) (citing *Younger*). Pursuant to *Younger*, federal courts should abstain from granting injunctive or declaratory relief affecting a state criminal prosecution absent a showing of: (1) evidence of bad faith prosecution, (2) irreparable injury if abstention is exercised by the federal court, or (3) the absence of an adequate alternative state forum where the constitutional issues can be raised. *Hughes v. Attorney General of Florida*, 377 F.3d 1258, 1263 n.6 (11th Cir. 2004) (citing *Younger*, 401 U.S. at 45, 53-54).

---

[2]The Court ordered a response from Respondent and the Hillsborough County Attorney's Office ("HCA") (Dkt. 6 at pg. 2). The AG asserts that the order to show cause was served on their office (Dkt. 9 at pg. 1). It appears, therefore, that the order to show cause may have been inadvertently served on the AG instead of the HCA.

Petitioner does not allege bad faith prosecution or the absence of an adequate state forum where the constitutional issues can be raised.[3] Instead, Petitioner implicitly appears to rely on the exception for irreparable injury by asserting that his indigency renders him unable to afford bail. However, pretrial detention based on a judicial determination of probable cause, without more, does not amount to irreparable injury. *See Lazarus v. Baca*, 2010 U.S. Dist. LEXIS 35663, at *12-16 (C.D. Cal. Mar. 17, 2010). Therefore, Petitioner fails to show that one of the *Younger* exceptions is present. Accordingly, the *Younger* abstention doctrine applies in this case, and this Court will not interfere in Plaintiff's ongoing state criminal proceedings.[4]

Even if abstention were not warranted, Petitioner has not shown that he is entitled to federal habeas relief. "The Eighth Amendment to the Constitution, applicable to the States through the Due Process Clause of the Fourteenth Amendment, . . . provides that '[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted.'" *Campbell v. Johnson*, 586 F.3d 835, 842 (11th Cir. 2009) (quoting *Baze v. Rees*,

---

[3]It is apparent that there is an adequate state forum where Petitioner can raise his constitutional challenge to the bail. The Court takes judicial notice of information available August 1, 2012, on the database maintained by the Clerk of the Court, Thirteenth Judicial Circuit, Hillsborough County, Florida, http://www.hillsclerk.com, which indicates in pertinent part that on April 16, 2012, Petitioner filed a motion to reduce bond in case numbers 12-cf-2326 and 12-cf-2604, which was granted on April 20, 2012, and bail was reduced to $7,500.00 in both cases. There is no indication or even suggestion that the state proceedings did not afford Petitioner an adequate opportunity to assert the claims he presented in the instant habeas petition.

[4]The Court notes that federal courts have consistently applied the *Younger* doctrine to dismiss habeas claims by pretrial detainees based on excessive bail absent extraordinary circumstances. *See, e.g., O'Shea v. Littleton,* 414 U.S. 488, 501 (1974) (proceedings to determine bail are properly subject to *Younger* abstention); *Lazarus v. Baca*, 389 Fed. Appx. 700 (9th Cir. 2010) (unpublished); *Enwonwu v. Commonwealth Superior Court*, 2012 U.S. Dist. LEXIS 68192 (D. Mass. May 16, 2012).

128 S. Ct. 1520, 1529 (2008)). "Although the Excessive Bail Clause does not guarantee a right to bail, it does guarantee that any bail imposed 'not be 'excessive' in light of the perceived evil.'" *Id*. (quoting *United States v. Salerno*, 481 U.S. 739, 754 (1987)). "[T]he only issue to be resolved by a federal court presented with a habeas corpus petition that complains of excessive bail is whether the state judge has acted arbitrarily in setting that bail." *Simon v. Woodson*, 454 F.2d 161, 165 (5th Cir. 1972). "To overturn the releasing authority's bail determination, the Court must find that such determination was "beyond the range within which judgments could rationally differ in relation to the apparent elements of the situation.'" *Sebuma v. INS*, 2001 U.S. Dist. LEXIS 13810, *9 (N.D. Tex. Aug. 3, 2001) (unpublished) (quoting *Simon*, 454 F.2d at 165).

Petitioner does not allege or show that the judge acted arbitrarily in setting his bail in the Hillsborough County cases. Instead, Petitioner argues that his bail is excessive because, due to his indigency, he cannot afford to pay bail. However, "[t]he mere fact that petitioner may not . . . be[] able to pay the bail does not make it excessive." *White v. Wilson*, 399 F.2d 596, 598 (9th Cir. 1968). Moreover, Petitioner's own allegations support a finding that the $7,500.00 bail currently set in both Hillsborough County robbery cases is not arbitrary because the bail is consistent with the Uniform Bail Bond Schedule, which establishes a $7,500.00 bond for a robbery charge (Dkt. 1 at pg. 4).

Finally, to the extent that Petitioner argues that the denial of bail in the Orange County case violates Florida law and the Florida Constitution, this claim is not cognizable on federal habeas review because the ground asserts no violation of a federal constitutional right.

*Wainwright v. Goode*, 464 U.S. 78 (1983) ("[F]ederal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension."); *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). A violation of a state rule of procedure, or of state law itself, is not a violation of the federal constitution. *Wallace v. Turner*, 695 F.2d 545, 548 (11th Cir. 1982); *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1989).

## CONCLUSION

Under *Younger*, the Court must abstain from deciding the petition.

Accordingly, the Court **ORDERS** that:

1. The petition for writ of habeas corpus (Dkt. 1) is **DISMISSED** without prejudice.

2. The Clerk of the Court is directed to terminate any pending motions, and close this case.

**DONE** and **ORDERED** in Tampa, Florida on August 3, 2012.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

SA:sfc
Copy to: Petitioner *pro se*
        Respondent
        Office of the Florida Attorney General, Tampa, Patricia McCarthy, A.A.G.

5